IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DON JAMES P.,** [1]

        Plaintiff,

      v.

**COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,**

        Defendant.

Civ. No. 3:19-cv-01418-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Don James P. ("Plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration denying his claims for disability insurance

benefits and supplemental security income. For the reasons provided below, the Commissioner's

decision is REVERSED and REMANDED for further administrative proceedings. [2]

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name
of the non-governmental party or parties in this case.

[2] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. §
636(c)(1).

1 - Opinion and Order

## BACKGROUND

Plaintiff was born March 6, 1964, and was 51 years old on the alleged onset date of disability. Tr. 281. He alleges that he became disabled on April 11, 2015, due to neck pain and peripheral neuropathy. Tr. 282. Plaintiff has a college education and past relevant work as a software engineer, project director, and field test engineer. Tr. 457, 237.

Plaintiff applied for disability insurance benefits, a period of disability, and supplemental security income on January 18, 2016. Tr. 228. The Commissioner denied his claims both initially and upon reconsideration. Plaintiff requested a hearing and appeared before Administrative Law Judge ("ALJ") Marie Palachuk on December 19, 2018. Tr. 228. The ALJ issued an unfavorable decision on January 10, 2019. Tr. 225-38. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1.    Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such

work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a.  The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.  Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.  Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020. Tr. 231.

2. Plaintiff has not engaged in substantial gainful activity since April 11, 2015, the alleged onset date. Tr. 231.

3. Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine and atopic person (allergy prone). Tr. 231.

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 232.

5. Plaintiff has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he could frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but never climb ladders, ropes, or scaffolds. He should not be required to work outside during the summer months. He should avoid concentrated exposure to respiratory irritants. Tr. 232.

6. Plaintiff is capable of performing past work as a Software Engineer, Manufacturing and Project Director. This work does not require the performance of work-related activities precluded by Plaintiff's RFC. Tr. 237.

7. Plaintiff has not been under disability, as defined in the Social Security Act, from April 11, 2015 through the date of this decision. Tr. 238.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the ALJ is the final decision of the Commissioner, this Court must review the decision of the ALJ to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*,

466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501).  Additionally, a

reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Agency] did

not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th

Cir. 2006) (citations omitted).  Finally, a court may not reverse the Commissioner's decision on

account of an error that is harmless. *Id.* at 1055-56.  "[T]he burden of showing that an error is

harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*,

556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set

aside if the proper legal standards were not applied in weighing the evidence and making the

decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968).  Under sentence four of 42

U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript

record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or

without remanding the case for a rehearing.

### ISSUES FOR REVIEW

1. Whether the ALJ erred in declining to consider and exhibit medical evidence from
   Grande Ronde Clinic.

2. Whether the ALJ provided clear and convincing reasons supported by substantial
   evidence in the record to reject Plaintiff's subjective testimony, and whether that
   evidence should be credited as true.

3. Whether the ALJ erred by not finding fibromyalgia to be a severe impairment suffered by
   Plaintiff.

### DISCUSSION

Plaintiff argues that the ALJ should have considered medical records that were obtained

after the administrative hearing and before the ALJ issued her decision. Pursuant to 20 C.F.R. §§

404.935(a) and 416.1435(a), claimants are required to "make every effort to ensure that the

administrative law judge receives all of the evidence and must inform [the agency] about or

submit any written evidence, as required in § 404.1512, no later than 5 business days before the date of the scheduled hearing." The ALJ will accept the evidence if she has not yet issued a decision and the claimant missed the deadline because

> (1) [The agency's] action misled you;
>
> (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
>
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:
>
>> (i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;
>>
>> (ii) There was a death or serious illness in your immediate family;
>>
>> (iii) Important records were destroyed or damaged by fire or other accidental cause; or
>>
>> (iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing.

20 C.F.R. §§ 404.935(b), 416.1435(b).

In this case, Plaintiff's hearing representative informed the ALJ in writing that medical records were outstanding from Grande Ronde Clinic ("GRC") in a letter dated Thursday, December 13, 2018. Tr. 519. The letter was received four business days and six regular days before the hearing. In the letter, Plaintiff's hearing representative explained that they were "working to obtain and submit copies of the relevant records as quickly as possible, but we are uncertain whether this will be possible prior to the prescribed deadline." Tr. 519. On December 27, 2018, eight days after the hearing and fourteen days before the ALJ issued a decision in the case, Plaintiff's representative obtained and submitted the outstanding records from GRC. Tr. 157-224. These medical records are dated September 2016 through August 2018. The ALJ

declined to admit the evidence, citing 20 C.F.R. §§ 404.935(b) and 416.1435(b). Tr. 228. The ALJ stated that "claimant did not provide good cause as to why the submissions were late, and the undersigned does not find good cause." *Id.* On review, the Appeals Council acknowledged that additional records had been submitted from Vocational Rehabilitation La Grande dated August 21, 2017 through October 5, 2018. Tr. 2. The Appeals Council stated, "This evidence is not new because it was previously submitted to the [ALJ] and evaluated by the [ALJ] under 20 CFR 404.935 and 416.1435. We did not exhibit this evidence." *Id.* The Appeals Council did not mention the records from GRC, but it appears that neither the ALJ nor the Appeals Council considered the medical records from GRC for the reason that Plaintiff's representative informed the ALJ of the outstanding records four business days before the hearing instead of five.

This Court must consider the record as a whole when reviewing the Commissioner's decision. *See Brewes v. Comm'r of Soc. Sec. Asmin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) citing *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999). In *Brewes*, the court held that "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Id.* at 1163. In contrast, other district courts have held that when the Appeals Council merely "looks at" the evidence it does not become part of the administrative record, unless the plaintiff demonstrates that the evidence should have been considered. *McAdams v. Comm'r of SSA*, No. CV-20-00316-PHX-SPL, 2021 LEXIS 144088, *4 (D. AZ July 30, 2021). The *McAdams* court held that the Appeals Council should have considered additional evidence "that reasonably would have changed the outcome of the decision." *Id.* at *6.

Plaintiff has demonstrated that the unconsidered evidence reasonably could have changed

the outcome of the ALJ's decision. For example, the ALJ declined to find that fibromyalgia was

a severe impairment because "there was no note of objective testing for fibromyalgia, such as

trigger point testing." Tr. 231. The ALJ explained that "SSR 12-2p requires certain medical

signs in addition to the diagnosis and those are not found in this record, nor did the doctor note

any of those findings in his clinical chart note of the one exam in which he diagnosed the

conditions." *Id.* The ALJ further used the lack of objective fibromyalgia testing to find that

Plaintiff's subjective symptom testimony was not consistent with the objective evidence. Tr.

235. To support her finding, the ALJ cited to several treatment notes from multiple doctors that

diagnosed fibromyalgia and discredited those opinions by stating that there were "no objective

results to support the assessment." Tr. 236. However, the unconsidered evidence shows that

Plaintiff did undergo trigger point testing and "tenderness" was found in "more than 11 of 20

trigger points." Tr. 166. Therefore, the unconsidered medical records contradict the ALJ's

findings regarding fibromyalgia.

The ALJ also declined to find neuropathy or chronic fatigue syndrome to be severe

impairments due to a lack of objective testing, but again, the unconsidered evidence shows that

Plaintiff underwent an EMG study of the lower extremities that demonstrated mild generalized

axonal sensorimotor polyneuropathy. Tr. 206. The ALJ reviewed some medical records from

Plaintiff's treating neurologist, Dr. Lim, but did not review the doctor's more recent notes, which

recommended ongoing follow up appointments for peripheral neuropathy. Tr. 180.

Lastly, the Court finds that the ALJ's reasoning for discounting Plaintiff's symptom

testimony is both contradicted by the unconsidered medical records and unsupported by

substantial evidence. When rejecting a claimant's testimony about the severity of his symptoms,

the ALJ must give "specific, clear and convincing reasons for doing so," and the evidence upon which the ALJ relies must be substantial. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015); *Holohan v. Massinari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991). Here, the ALJ gave three reasons for rejecting Plaintiff's symptom testimony: there was a lack of objective testing; there was a gap in Plaintiff's treatment notes from May 2016 through March 2017; and Plaintiff used marijuana and cocaine. First, the unconsidered medical records show that Plaintiff underwent objective medical testing such as trigger point testing and EMG studies. *See* Tr. 166, 180, 206. Second, the unconsidered medical records show that Plaintiff was seen by Dr. Lim during the time frame noted by the ALJ as a gap in treatment. Tr. 164-66, 169, 221-22. Third, the unconsidered medical records show that Dr. Lim listed "OMMP [Oregon Medical Marijuana Program] for pain control to avoid narcotics," which indicates that marijuana was recommended to Plaintiff by a physician. Tr. 181. The ALJ's comment about Plaintiff's cocaine use is unsupported by the record because there were only two treatment notes that documented a "social history" of cocaine use (tr. 840, 860) and no medical or testimonial evidence that Plaintiff used cocaine during the relevant time period. Therefore, the ALJ erred in rejecting Plaintiff's symptom testimony for these reasons.

### ORDER

Based on the foregoing, the decision of the Commissioner is REVERSED and REMANDED for further proceedings. Upon remand, the Commissioner is ordered to consider all of the medical records submitted by Plaintiff for treatment during the relevant time period.

It is so ORDERED and DATED this 29th day of September, 2021.

MARK D. CLARKE
United States Magistrate Judge